**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-6676**

_____

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

    v.

SOLOMON DUKES, JR., a/k/a Junior,

               Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:94-cr-00589-DCN-2)

_____

Submitted:  March 18, 2011         Decided:  April 1, 2011

_____

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William C. Wood, Jr., NELSON MULLINS RILEY & SCARBOROUGH LLP,
Columbia, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Peter T. Phillips, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Solomon Dukes, Jr., appeals the district court's order granting, in part, his 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction based upon Amendments 706, 711 and 715 to the Guidelines. In his motion, Dukes asked that the district court reduce his life sentence to 360 months in prison based on the aforementioned Amendments. Dukes alternatively argued, however, that because the jury made no findings regarding the amount of drugs for which he was held responsible, in accordance with 21 U.S.C.A. § 841(b)(1)(C) (West 2006 & Supp. 2010), and United States v. Booker, 543 U.S. 220 (2005), the maximum constitutional sentence he could receive for his drug convictions was twenty years in prison. The district court granted Dukes' motion, in part, and reduced Dukes' life sentence to 360 months in prison.

We have reviewed the record and have considered Dukes' arguments that his sentence should have been reduced below his amended Guidelines range. We nonetheless affirm for the reasons stated by the district court. See United States v. Dukes, No. 2:94-cr-00589-DCN-2 (D.S.C. Apr. 27, 2010). We reject Dukes' argument that U.S. Sentencing Guidelines Manual § 1B1.10 (2010) and § 3582(c)(2) violate the separation of powers doctrine. See Mistretta v. United States, 488 U.S. 361, 412 (1989) (holding that the Sentencing Reform Act and the Sentencing Guidelines do

2

not violate the separation of powers doctrine, in part because "our system of checked and balanced authority [does not] prohibit Congress from calling upon the accumulated wisdom and experience of the Judicial Branch in creating policy on a matter uniquely within the ken of judges").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED